# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **KATRINA SMITH** | **DOCKET NO.: 1:19-cv-00447** |
| **VERSUS** | |
| | **JUDGE DEE D. DRELL** |
| **WAL-MART LOUISIANA, L.L.C., ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the court is a motion for summary judgment (Doc. 63) filed by Wal-Mart Louisiana, L.L.C. ("Wal-Mart") in which it seeks dismissal of all claims asserted against it by the plaintiff, Katrina Smith ("Smith").

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011)(internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

On March 17, 2018, Smith was a patron at Wal-Mart store #1128 in Marksville, Louisiana. Specifically, Smith was shopping in the over-the-counter pharmacy area. At approximately 1:10 p.m., Smith contacted a Wal-Mart employee, Fawn Scallan, for assistance locating a medication. Smith and Scallan walked to the aisle and located the medication. The two walked back toward

the pharmacy window and at approximately 1:12 p.m., Smith slipped and fell on a clear, liquid substance on the floor.

Smith's claims are brought pursuant to the Louisiana Merchant Liability Act, Louisiana Revised Statute §9:2800.6. The relevant portion of the statute provides:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La.R.S. 9: 2800.6(B)(2). Plaintiff bears the aforementioned burden of proof and "the failure to prove any of these elements is fatal to the claimant's cause of action." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1082 (La. 1997).

Wal-Mart contends plaintiff, Smith, cannot carry the aforementioned burden of proof regarding constructive notice. Specifically, Wal-Mart contends Smith cannot produce positive evidence that the liquid substance in which Smith fell existed for a period of time sufficient to place store personnel on notice. See Duncan v. Wal-Mart Louisiana, L.L.C., 869 F.3d 406, 410

2

(5th Cir.2017) citing White, 699 So.2d at 1082; accord Williamson v. Wal-Mart Stores, Inc., 130 So.3d 478, 482 (La. App. 2 Cir. 2014).  See also, Flowers v. Wal-Mart, 99 So.3d 696, 699 (La. 2012) (citing White, 699 So.2d at 1084).

Smith argues that "video footage from the date of [her] fall indicates the source of the liquid was most likely a leak from merchandise in a customer's shopping cart, as there are no other sources for the liquid seen in the video." (Doc. 82, p. 2).  Further, she claims that there were no shopping carts in the area of the fall for at least 12 minutes before she fell.  Thus, the substance must have been present for at least 12 minutes prior to her fall which is a reasonable amount of time for Wal-Mart to detect the dangerous condition.

"Mere speculation that a dangerous condition could have existed for some time period "falls short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden at trial." Guidry v. Brookshire Grocery Co., 289 So.3d 1026, 1027 (La.2020) (quoting Babin v. Winn-Dixie Louisiana, Inc., 764 So.3d 37, 40 (La. 2000)).  "[M]ere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6." Allen v. Wal–Mart Stores, Inc., 850 So.2d 895, 898 (La.App. 2 Cir. 2003) (citing Robinson v. Brookshires # 26, 769 So.2d 639 (La.App. 2 Cir. 2000).  See Richard v. Liberty Mut. Ins. Co., 123 So.3d 345, 349 (La.App. 3 Cir. 2013) ("Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact.") (citing Sears v. Home Depot, USA, 943 So.2d 1219, 1228 (La.App. 4 Cir. 2006).  Smith will need to carry her burden of proof with "positive evidence" that the spill was there for some time.

Smith relies upon surveillance video from Wal-Mart's cameras and photographs taken by Wal-Mart employees after her fall as positive evidence that the spill existed for some time and

3

should have been detected had Wal-Mart exercised reasonable care. She claims that video is circumstantial evidence that the liquid came from a grocery cart and that it was on the floor for at least 12 minutes because no carts were in the area during the 12 minutes proceeding the fall. Additionally, she contends that the photographs depict a dirty floor and puddle evidencing the spill was there for some time.

A review of the video surveillance from several angles in the store does not show anyone creating the spill and the video is too grainy to detect the spill on the floor. Smith speculates that the spill must have come from leaking merchandise in a shopping cart, but there is no positive evidence to support this conclusion. Most of the shopping carts in the area were empty and the spill could have come from any of the people shopping without carts. We believe this to be mere conjecture as to the source of the spill.

We also find Smith's contention that the spill remained on the floor for at least 12 minutes to be speculative. Surveillance video from the pharmacy pick-up window shows customers wheeling carts just in front of where Smith fell and surveillance video from the cosmetic area shows people in the aisle just before and after Smith fell. None of surveillance videos show customers avoiding the area nor slowing down in order to carefully negotiate the aisle.

As to Smith's contention that the photos taken after Smith fell show the floor and the liquid substance were dirty, we note that the video shows several Wal-Mart employees walking the aisle where the fall occurred. There is no evidence to suggest that purported dirt was not attributable to Smith during the fall, the customers who were on the aisle at the same time, or the employees who walked the aisle after the fall.

Smith fails to provide any positive evidence establishing constructive notice and "[m]ere speculation ... is not sufficient to meet [Smith's] burden and [this court] will not infer constructive

notice for purposes of summary judgment where [her] allegations are no more likely than any other potential scenario." Bagley, 492 F.3d at 330.  Accordingly, summary judgment should be granted in favor of Wal-Mart.  The court will issue a judgment in conformity with these findings.

**THUS DONE AND SIGNED** this 2ND day of September 2021, at Alexandria, Louisiana.

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT